**Motion Granted; Continuing Abatement Order filed February 23, 2017**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-15-01066-CR**
**NO. 14-15-01067-CR**
**NO. 14-15-01068-CR**

_____

**DYLAN ANDREW QUICK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1383658, 1383659 & 1383660**

---

## CONTINUING ABATEMENT ORDER

On January 5, 2017, this court abated these appeals and remanded the cases to the trial court to determine whether significant portions of the reporter's record had been lost or destroyed. On February 6, 2017, a supplemental clerk's record was filed containing the trial court's findings that the missing exhibits were capable of being replaced and that they were accurately duplicated. The missing exhibits were filed in this court on February 10, 2017.

On February 6, 2017, appellant filed a motion alleging the reporter's record contained substantive errors. Rule 34.6(e) of the Texas Rules of Appellate Procedure

provides that if a dispute arises after the reporter's record has been filed in the appellate court, that court may submit the dispute to the trial court for resolution. No party has filed a response to appellant's motion. The motion is granted.

Accordingly, the trial court is directed to conduct a hearing to determine whether the reporter's record contains substantive inaccuracies. If the trial court determines there are substantive inaccuracies in the record, the trial court must "order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court." Tex. R. App. P. 34.6(e)(2). The court is directed to reduce its findings to writing and to have a supplemental clerk's record containing those findings filed with the clerk of this court, together with a reporter's record from the hearing, if any, within 30 days of the date of this order. The corrected reporter's record, if needed, is also due within 30 days of the date of this order.

The appeals are abated, treated as closed cases, and removed from this court's active docket. The appeals will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. This court also will consider an appropriate motion to reinstate the appeals filed by either party, or this court may reinstate the appeals on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of the hearing date and time.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Brown and Jewell.